McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
JASON HITT
AMANDA BECK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

# FILED

JUN 27 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGER SUNDERLAND,

Defendant.

CASE NO. **2: 1 9 - CR - 0 1 1 3 TLN**

18 U.S.C. § 922(g)(1) – Felon in Possession of a
Firearm (2 counts); 21 U.S.C. § 841(a)(1) –
Distribution of Methamphetamine; 21 U.S.C. §
853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. §
2461(c) – Criminal Forfeiture

## I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

The Grand Jury charges: T H A T

ROGER SUNDERLAND,

defendant herein, on or about August 28, 2017, in the County of Sacramento, State and Eastern District

of California, knowing that he had been convicted of a crime punishable by a term of imprisonment

exceeding one year, that is:

(1) Petty Theft with a Prior, in violation of California Penal Code Sections 484, 488, and 666, in

Yolo County Superior Court, California, on September 15, 1987 (Case No. 9422);

(2) Carrying a Concealed Weapon in a Vehicle, in violation of California Penal Code Section

12025(a), in Yolo County Superior Court, California, on September 3, 1993 (Case No. 61740);

(3) Receiving Stolen Property, in violation of California Penal Code Section 496, in Yolo County

1     Superior Court, California, on March 11, 1994 (Case No. 66634);

2     (4) Possession of a Controlled Substance for Sale, in violation of California Health and Safety

3     Code Section 11378, in Yolo County Superior Court, California, on February 4, 2002 (Case 00-

4     6923); and

5     (5) Take a Vehicle without Consent of Owner/Vehicle Theft, in violation of California Vehicle

6     Code 10851(a), in Placer County Superior Court, California, on July 21, 2006 (Case 6255811);

7 did knowingly possess a firearm, specifically, a .22 caliber semiautomatic Ruger handgun, in and

8 affecting commerce, in that said firearm had previously been transported in interstate and foreign

9 commerce, in violation of Title 18, United States Code, Section 922(g)(1).

10 COUNT TWO: [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

11     The Grand Jury further charges: T H A T

12                   ROGER SUNDERLAND,

13 defendant herein, on or about July 7, 2018, in the County of Yolo, State and Eastern District of

14 California, knowing that he had been convicted of a crime punishable by a term of imprisonment

15 exceeding one year, that is:

16     (1) Petty Theft with a Prior, in violation of California Penal Code Sections 484, 488, and 666, in

17     Yolo County Superior Court, California, on September 15, 1987 (Case No. 9422);

18     (2) Carrying a Concealed Weapon in a Vehicle, in violation of California Penal Code Section

19     12025(a), in Yolo County Superior Court, California, on September 3, 1993 (Case No. 61740);

20     (3) Receiving Stolen Property, in violation of California Penal Code Section 496, in Yolo County

21     Superior Court, California, on March 11, 1994 (Case No. 66634);

22     (4) Possession of a Controlled Substance for Sale, in violation of California Health and Safety

23     Code Section 11378, in Yolo County Superior Court, California, on February 4, 2002 (Case 00-

24     6923); and

25     (5) Take a Vehicle without Consent of Owner/Vehicle Theft, in violation of California Vehicle

26     Code 10851(a), in Placer County Superior Court, California, on July 21, 2006 (Case 6255811);

27

28 did knowingly possess a firearm, specifically, a .22 caliber semiautomatic GSG rifle, in and affecting

commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT THREE:  [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

ROGER SUNDERLAND,

defendant herein, on or about July 7, 2018, in the County of Yolo, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATION:  [21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.    Upon conviction of the offense alleged in Count Three of this Indictment, defendant ROGER SUNDERLAND shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

a.    All right, title, and interest in any and all property involved in violation of Title 21, United States Code, Section 841(a)(1), for which defendant is convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

b.    A sum of money equal to the total amount of proceeds obtained as a result of the offense, for which defendant is convicted.

2.    Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendant ROGER SUNDERLAND shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses.

3.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Three of this Indictment, for which defendant is convicted:

a.    cannot be located upon the exercise of due diligence;

|   |   |   |
|---|---|---|
| 1 | b. | has been transferred or sold to, or deposited with, a third party; |
| 2 | c. | has been placed beyond the jurisdiction of the Court; |
| 3 | d. | has been substantially diminished in value; or |
| 4 | e. | has been commingled with other property which cannot be divided without |
| 5 |   | difficulty; |

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.


A TRUE BILL.

**/s/ Signature on file w/AUSA**

_____
FOREPERSON


_____
McGREGOR W. SCOTT
United States Attorney

4

No. 2:19-CR-0113 TLN

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

### ROGER SUNDERLAND

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm (2 counts);
21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine;
21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*    **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* ____27____ *day*

*of* _____, *A.D.* 20_19_

_____
*Clerk.*

*Bail, $* _____

**NO BAIL WARRANT PENDING HEARING**

_____

GPO 863 525

## United States v. Roger Sunderland
## Penalties for Indictment

### COUNTS 1 AND 2:

VIOLATION:      18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES:      Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)


### COUNT 3:      ALL DEFENDANTS

VIOLATION:      21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute
Methamphetamine

PENALTIES:      A maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

VIOLATION:       21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:      As stated in the charging document