The Law Office of Olaf W. Hedberg
Olaf W. Hedberg, State Bar #151082
901 H St., Suite 301
Sacramento, California 95814
(916) 447-1192 office
ohedberg@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STAES OF AMERICA,<br><br>     v.<br><br>ROGER SUNDERLAND, | Case Number:  2:19-CR-0113 TLN<br>**STIPULATION AND ORDER**<br><br> Date: **January 20, 2022**<br>Time: **9:30 am**<br>Judge: **Hon. Troy L. Nunley** |

       Plaintiff United States of America, by and through its counsel of record, and the Defendant, by and through each counsel of record, hereby stipulate as follows:

       1.    Attorney Hedberg needs additional time to review discovery and needs time to review it with his client. Also, Attorney Hedberg has determined that whether Defendant is a career offender is a potential issue in the matter at bar. Because of the confused and somewhat contradictory nature of Defendant's criminal history (i.e. "Rap" sheets) Counsel needs to go to Sacramento and Yolo county courthouses and personally review the files. This process has been significantly delayed by court closures for the past year due to COVID. Counsel needs to review these materials in order to effectively advise Mr. Sunderland of the potential ramifications if a conviction is had in the matter at bar.

2. By this stipulation, the parties now move to continue the status conference until March 10, 2022, at 9:30 am, and to exclude time between, January 20, 2022 and March 10, 2022, under Local Code T4. Plaintiff does not oppose this request.

3. The parties agree and stipulate, and request that the Court find the following:

a. The government has provided discovery associated with this case.

b. Counsel for the defendant desires time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for these matters and to discuss potential resolutions with his client.

Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 20, 2022, to March 10, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED

Dated: January 18, 2022

Respectfully submitted

| /s/ Olaf W. Hedberg | /s/Ross Pearson |
|---|---|
| Olaf W. Hedberg | Ross Pearson |
| Attorney for Roger Sunderland | Assistant United States Attorney |

### ORDER

GOOD CAUSE APPEARING, it is hereby ordered that the January 20, 2022, status conference be continued to March 10, 2022 at 9:30 a.m. I find that the ends of justice warrant an exclusion of time and that the defendant' need for continuity of counsel and reasonable time for effective preparation exceeds the public interest in a trial within 70 days. THEREFORE IT IS FURTHER ORDERED that time be excluded pursuant to 18 U.S.C. § 3161 (h) (7) (B) (ii) and Local Code T4 from the date of this order to March 10, 2022.

IT IS SO ORDERED.

Dated: January 18, 2022

Troy L. Nunley
United States District Judge